*FILED*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

2008 NOV 19 P 12: 21

~~CLERK US DISTRICT COURT~~
~~MIDDLE DISTRICT FLORIDA~~

## CIVIL RIGHTS COMPLAINT FORM

ROBERT L. WALTON # 098207

CASE NUMBER: 3:08-CV-1104-J-32JRK
(To be supplied by Clerk's Office)

_____

_____

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

Sgt.   JASON YOUNG

OFFICER   RICHARD D. SMITH

OFFICER   STEVEN HOLDEN

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).
ALL SUED IN THIER INDIVIDUAL CAPACITY   /

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.   PLACE OF PRESENT CONFINEMENT:   FLORIDA STATE PRISON
(Indicate the name and location)

7819 N.W. 228th Street, Raiford, Florida 32026

II.   DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following
questions]

DC 225 (Rev. 9/03)

1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803' Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes ( ) No (✓)

a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    Informal Grievance (Request for Interview)

    1.   Did you submit an informal grievance (Form DC3-005)? Yes (✓) No ( )

    2.   If so, you must attach a copy of the grievance and response to this Complaint form.

C.    <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1.   Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

    2.   If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

    3.   Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

    4.   If so, you must attach a copy of the grievance and response to this Complaint form.

D.    <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1.   Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

    2.   If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _008_ .

_____
Robert Walton
**Signature of Plaintiff**

III.    DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL
        FACILITY? Yes ( ) No ( ✓ )    Prison System ... Dept. of Corr.

        If your answer is YES, answer the following questions.

        A.    Is there a grievance procedure at your institution or jail? Yes ( ✓ ) No ( )

        B.    Did you present the facts relating to your Complaint in the grievance procedure? Yes
              ( ✓ ) No ( )

        C.    If your answer is YES:

              1.    What steps did you take? First i wrote a request to the Colonel but didn't
                    get a response. Then i wrote a infor. griev. to the Ass. Warden. Then a Formal Griev.
                    to the Warden. Plus, a complaint to the Secretary
              2.    What were the results? Denied on all levels ... They said this incident has been
                    reported and its being reviewed. The Warden said its been refered to Central office
                    which was denied. Central Office said its being reviewed by Inspec. Gen. but denied

              3.    To demonstrate exhaustion, you must submit copies of all relevant
                    grievances/appeals and responses. (All Attached)

        D.    If your answer is NO, explain why not: _____ N/A _____

        _____ N/A _____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE
QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _008_____.


                                        _____ Robert Walton _____
                                        Signature of Plaintiff

IV.   PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (☒) No (☒) ✓yes . . . i sent a mandamus in but didn't get verification that it was recieved ?(time ran out) Att. butt on officer dtr log# 205·181·204

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1.   Parties to previous lawsuit:

        Plaintiff(s): _____ Robert L. Walton # 098207 _____

        _____

        Defendant(s): _____ N/A _____

        _____

   2.   Court (if federal court, name the district; if state court, name the county):

        _____ N/A _____

   3.   Docket Number: _____ N/A _____

   4.   Name of judge: _____ N/A _____

   5.   Briefly describe the facts and basis of the lawsuit: _____ N/A _____

        _____

        _____

   6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

        _____ N/A _____

        _____

   7.   Approximate filing date: _____ N/A _____

   8.   Approximate disposition date: _____ N/A _____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

N/A

N/A

N/A

N/A

V.   PARTIES:  In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: _____Robert Walton #098207_____

Mailing address: _____Florida State Prison_____

_____7819 N.W. 228th St. Raiford, FL. 32026_____

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the full name of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: _____Sgt. Jason Young_____

Mailing Address: _____Florida State Prison_____

_____7819 N.W. 228th St. Raiford, FL 32026_____

Position: _____Corr. off. Sgt_____

Employed at: _____Florida State Prison_____

D.   Defendant: _____Off. Richard d. Smith_____

Mailing Address: _____Florida State Prison_____

_____7819 N.W. 228th St. Raiford, FL 32026_____

Position: _____Corr. off._____

Employed at: _____Florida State Prison_____

DC 225 (Rev. 9/03)                                              6

E.  Defendant: _____ off. Steven Holden _____

   Mailing Address: _____ Florida State Prison _____

   _____ 7819 N.W. 228th St. Raiford, FL 32026 _____

   Position: _____ Corr. off. _____

   Employed at: _____ Florida State Prison _____

F.  Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

G.  Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

VI.   STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

TO BE ATTACHED
_____

_____

_____

_____

_____

_____

VII.  STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved.  **Do not make any legal arguments or cite any cases or statutes.**  State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

TO BE ATTACHED
_____

_____

_____

_____

_____

_____

_____

_____

_____

Statement of Facts, continued:

TO BE ATTACHED

DC 225 (Rev. 9/03)

VIII.   <u>RELIEF REQUESTED</u>:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

_____ TO BE ATTACHED _____

_____

_____

_____

_____

_____

_____


**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _____ day of _____, 2 _008____ .

_____ Robert L. Walton #098207 _____

_____ Florida State Prison _____

_____ 7819 N.W. 228th St. Raiford, FL. 32026 _____

_____ Robert Walton _____
(Signatures of all Plaintiffs)

*(Ex 4)*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

**(Instructions on Back)**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Walton, Robert | 048207 | I-2331 | Orderly | 5-7-08 |

## REQUEST

I'm having problems putting on my shoes because my toe nails hurt so bad! The barbers don't have any toe nail clippers and telling us to write medical if we need use of them?

In another week I want be able to work if I dont cut these clipper! Can you please bring some toe nail clipper to my cellor something?

I'm keeping the yellow copy to show          Thank you
that i requested toe nail clippes            Robert Walton

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

**RECEIVED**
MAY 08 2008
FSP MEDICAL DEPARTMENT

---

### DO NOT WRITE BELOW THIS LINE

## RESPONSE                    DATE RECEIVED: _____

This is a sick call issue

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): M. Conklin          Date: 5/12/08

FLORIDA STATE PRISON SLPN M.CON

Distribution:   White   -Returned to Inmate      Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate                informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☑ Medical  ☐ Mental Health | ☐ Dental  ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Walton, Robert | DC Number 098207 | Quarters I-2301 | Job Assignment Orderly | Date 5-18-08 |
|---|---|---|---|---|---|

**REQUEST** (Informal Grievance)

I wrote a request to medical concerning the use of toe nail clippers because the barbers never have one in thier box. (I got copy of response) As i informed you in my request, my last two toe nails on my right feet are getting extremely long and is starting to hurt when i put my shoes on! Mrs. Conklin responded and informed me, that this is a sick-call issue? I'm not trying to give you a hard time but im a lil confused and want to make sure i properly understand before i put a sick-call slip in.

I want to know specifically, are you telling me that i need to put in a sick-call slip where ill be charged $4.00 for the use of toe nail clippers, when the barbers are suppose to have these in thier box and supply us with them on a need to basis, for free??

whether you answer this or not, ive got copies of everything and ill just go on to the next procedure because this issue is gonna have to be grieved regardless!

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

~~FILED~~
Received
MAY 20 2008  DO NOT WRITE BELOW THIS LINE
Log #0520-0819
FSP GRIEVANCE OFF.

**RECEIVED**
MAY 20 2008
FSP MEDICAL DEPARTMENT

**RESPONSE**                    DATE RECEIVED:

You have the options of either going through sick call (yes, you will be charged per policy) or you have the option of waiting for the Barber to supply you. ~~Your threatened formal grievance must be towards Security as the Barber is~~ where you are supposed to go and Medical has nothing to do with the Barber.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is ____denied____ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Signature) [signature] C.B.Bowlan,SHSA | Date: 5/21/08 |
|---|---|

Distribution:   White   -Returned to Inmate       Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate                informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☑ Security | ☐ Medical ☐ Mental Health | ☑ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Walton, Robert | 098207 | B-1318 | N/A | 6-2-08 |

## REQUEST (Informal Grievance)

On 5-25-08 i wrote a initial request to the Head of Security concerning this matter but i didn't get a response! My main objective is to make you aware of the fact that while housed in I-wing Sgt. Young, C.O. Smith, and C.O. Holden used unecessary use of force on me, that caused bodily harm while i was cuffed. When Sgt. Young told me to cuff up, i complied! Then he and officer Smith just started hitting me ... so i ducked and dodged my way to the quarter deck an went down, to make sure this was on video. ★ See video footage from I-wing on 5-24-08 between 4:50 pm and 5:10 pm and yas'll see i was cuffed coming out of tv room but they continued to hit me, even though i made no aggressive moves toward them.

Note: This was not incidental ... the night before Sgt. Young told me while he was showering the 2300 side, "That the next time you come out your cell, i got something for you!"

Sir, my question to you is, do you condone this type of unecessary use of force from your Sgt an C.O.'s and if not, im requesting that all 3 be suspended. Also, my Constitutional Right to be protected from brutality like this was denied me by security.      Note: (I kept yellow copy)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

Received
JUN 03 2008
Log#-603081?
FSP GRIEVANCE OFF.

## RESPONSE

DATE RECEIVED: 6-4-08

This incident has been reported and the proper authorities are reviewing the incident.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Returned_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _____ Lt.      Date: 6-4-08

Distribution:   White   -Returned to Inmate       Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate              informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Walton, Robert | 098207 | | N/A | 6-7-08 |

**REQUEST** (Informal Grievance)

I wrote an initial request on 5-28-08 concerning this matter to the Colonel but i never got a response? Sir im writing you to make you aware that on 5-24-08 i was viciously attacked by Sgt. Young, C.O. Smith and C.O. Holden for the simple fact that i filed a grievance pertaining to them not supplying I-wing with toe-nail clippers! (I have copies of the grievances)
Note:(i kept yellow copy)

When Sgt. Young came back from vacation on 5-23-08 and found out that i had filed a grievance about the toe-nail clippers, he confronted me while during showers on 2300 side. The conversation concluded with him stating, "Thats alright, next time you come out your cell i got something for you!" The next day they called 2300 side for work and subsequently sent everybody to work but me... they left me in tv room without any explanation? After they fed I-wing Sgt. Young came back to the tv room and ordered me to cuff up which i complied and thats when him and C.O. Smith attacked me.

My question to you is do you condone this type of behavior from your officers and if not im asking that they be suspended without pay. ~~_____ _____~~ Obviously, my Constitutional rights were violated!

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

MAILED
Received

JUN 17 2008   **DO NOT WRITE BELOW THIS LINE**
Log# 6170801
F.S.P. GRIEVANCE OFF.                           DATE RECEIVED: 6-17-08

**RESPONSE**

Sgt. J. Young, officer R. Smith and S. Holden deny your allegations.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Denied_____ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): O E Pearce Capt | Date: 6-17-08 |
|---|---|

Distribution:   White   -Returned to Inmate
                Canary  -Returned to Inmate

Pink   -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From: __Walton, Robert L.__      __098267__      __Florida State Prison__
      Last   First   Middle Initial      Number      Institution

---

33-602.210      Part A – Inmate Grievance      (Unnecessary Use of Force)

As i stated in my informal grievance, i wrote an initial request to the Colonel but didn't get a response! I finally recieved a response back on my informal grievance on 6-4-08 which the Admin had stamped recieved on 6-3-08 log # 6638812.

After reporting the fact first to the Colonel, then to the Ass. Warden that i was brutally attacked by 3 officers while handcuffed which will leave the lingering scars, im mystified as to why the only response i can get is; The proper authorities are aware of the incident and its being reviewed?

Sir, im not trying to give you a hard time but im getting the impression that this administration along with Security is trying to cover up the fact that "Unnecessary Use of Force" was used on me that caused significant bodily harm. If my assessment of this Institution of trying to cover this up is wrong, then why hasn't an investigator come and interview me on this matter? Also, why wasn't pictures taken of my injuries when it was obvious that i had been beaten to a pulp? My right eye was totally swollen shut, my lips were busted up and the whole right side of my face was beaten to a [illegible] abnormal size.

(emphasis) Im requesting that the video camera that was brought on I-wing on 5-24-08 immediately after this "Use of force" incident, footage be reserved. Also, in accordance with 33-601.305(2)(G) i specifically request that you review the I-wing security video on 2nd floor quarterdeck on the Northside thats over the microwave and the refrigerator with the direct view of the quarterdeck, hallway and the front part of the tv room between 4:50 pm and 5:10 pm on 5-24-08

Now i know what the officers said happened ... which; they the differ! But my objective in this particular Formal Grievance is to emphasize the "Unnecessary Use of force" that was applied on me without cause! If you evaluate everyone's statements and review all the video footage that im requesting, you'll see that there is no justification for the way they viciously attacked me while i was cuffed and was not making any agressive moves toward them. For the recell forces exactly how this incident unfolded!

(See Attachments for Continuation of Grievance)

---

__6-16-08__      __Robert Walton 098267__
DATE      SIGNATURE OF GRIEVANT AND D.C. #

SEE ATTACHED
RESPONSE

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:      0   /  __Robert Walton__
0506-205-221                          #      Signature
10th

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____      Institutional Mailing Log #: _____
                          (Date)                                    (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Revised 2/05)

First of all, this was not incidental! This incident evolved because i filed grievance concerning not being supplied the toe-nail clippers by the barber on a need to basis and i was retaliated on, because of it! (I have cops.s of the grievances)

When Sgt. Yang returned from vacation on 5-23-08 and found out that i filed on this matter he confronted me about it and consequently the conversation concluded with him stating, "Thats alright, next time you come out your cell i get something for you!" Needless to say, i was concerned! But i thought he was gonna try to lock me up with ide or something but never imagined it would escalate to me being viciously attacked in that manner.

So the next day on 5-24-08 they called the 2300 side for work and all us assembled in the t room. Then Sgt. Yang sent everybody to work but me and left me in the tv room without any explanation. Once they fed I-wing Sgt. Yang came back to the tv room and ordered me to cuff up which i complied and thats when him and C.C. Smith attacked me! When i saw how things were going down, i ran out of the tv room seeking help because while they were in the midst of attacking me they kept saying, "Nigga we going to kill you." So when i get on the I-wing quarterdeck and C.C. Holden started helping them attack me too, i went down in a submissive move to no avail. (They still kept on beating me)

Now the reason why i requested the video footage of the camera that was brought on I-wing immediately after the "Use of Force" on 5-24-08 is to show how bad they had really brutalized my face. Also, i specifically requested the I-wing security video that's on the Northside of the quarterdeck over the microwave and refrigerator facing the quarterdeck, hallway, and the front of the tv room. Its because i was close to the tv room door that you should be able to see Sgt Yang cuffing me up. ... Plus, when i ran out of the tv room, you'll see me cuffed and Sgt. Yang has my right arm locked with both of his hands. Note: to this point, my face had not been brutalized at all. Once C.C. Holden attacked me as well, i went down and thats when Sgt. Yang viciously beat my face to a pulp!! If you review the video i'm requesting there's no way they can justify their action after i went down.

Sir, my question to you is; do you condone this type of behavior from your officers or not, in requesting that all 3 officers be suspended indefinitely without pay? Also, that i be protected from said officers along with their buddies cause im afraid for my life!

Obviously, my Constitutional Rights to be protected from brutality like this were denied me by security when i was viciously beaten without justification.

Pg (17)

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden  ☐ Assistant Warden  ☐ Secretary, Florida Department of Corrections

From: Walton, Robert L.         098207         Florida State Prison
      Last  First  Middle Initial     Number            Institution

( Formal Complaint ) Appeal    Part A – Inmate Grievance    (33-103.001(3)(c))

As i stated in my informal Grievance, i wrote an initial request to the Colonel but didnt get a response? I recieved a response from my informal Grievance on 6-18-08 which was denied.

Sir, my main objective in this Formal Grievance is to file a complaint specifically on the fact that i was intentionally attacked by Sgt. Young, C.O. Smith, and C.C. Holden for no other reason than i filed a grievance pertaining to I-wing not being supplied with toe-nail clippers during showers!
(I have copies of grievances)

In accordance with 33-103.001(3)(c); inmates can file complaints regarding the following matters; reprisals against inmates for filing a complaint or appeal under the inmate grievance procedure.

When Sgt. Young come back from vacation on 5-33-08 and found out that i had filed a grievance about the toe-nail clippers he confronted me while during showers on the 2300 side. The conversation was concluded with him stating, "Thats alright, the next time you come out your cell i got something for you." The next day, they called the 2300 side for work and subsequently sent everybody to work but me... they left me in the tv room without any explanation? After they fed I-wing Sgt. Young came back to the tv room and ordered me to cuff up which i complied and thats when him and C.O. Smith attacked me. I then ran out of the tv room seeking help but when C.O. Holden started helping them, i went down in the middle of I-wing quarterdeck in a submissive posture to no avail. Sgt. Young just went to punching me in my face even though i was down and handcuffed with them in total control.

In accordance with 33-601.305(4) im requesting that you review the security camera in I-wing on the Northside of the quarterdeck facing the quarterdeck, hallway and the front part of tv room between 4:50 pm and 5:10 pm on 5-24-08 and you'll see im telling the truth. We all know that reliance on the official statement alone is insufficient and im requesting that you review all statements, arguments and requested video footage in compliance with my Administrative Due Process which is required.

Remedy Sought: That said officers be suspended without pay until investigation is complete and that all disciplinary action that initiated from this incident be demissed. Plus, that i be protected from said officers

6-22-08                          Robert Walton, 098207
DATE                             SIGNATURE OF GRIEVANT AND D.C. #

SEE ATTACHED
RESPONSE

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___O___ / _____
                                                                            #        Signature

'D   DBCL 205-35,

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: __6-22-08__         Institutional Mailing Log # _____
                            (Date)                                                      (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY          CENTRAL OFFICE
               INMATE (2 Copies)             INMATE
               INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
               INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)



**PART B - RESPONSE**

| WALTON, ROBERT | 098207 | 0806-205-221 | FLORIDA STATE PRISON | G1108S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated.  The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General.  A copy of your complaint will be forwarded to that section to be included as a part of the current review.  Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.  As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

C. Brown

| | | 6-17-08 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

MAILED

JUN 2 4 2008

FSP GRIEVANCE OFF

**PART B - RESPONSE**

| WALTON, ROBERT | 098207 | 0806-205-391 | FLORIDA STATE PRISON | G1108S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated.  The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General.  A copy of your complaint will be forwarded to that section to be included as a part of the current review.  Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.  As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

D. Worthington

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 6/29/08 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

MAILED

JUL 0 2 2008

FSP GRIEVANCE OFF.

DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From: Walton, Robert L.    098207    Florida State Prison
    Last   First   Middle Initial     Number     Institution

(33-602.210)   Part A – Inmate Grievance   (Unecessary Use of force)

This appeal is deemed proper and timely submitted pursuant F.A.C. rules 33-103. cce (3)(B) incorporated with F.A.C. rules 33-103.011(i)(B)(2)

As i review the non-response of this "Unecessary Use of force" grievance, its become customary for the admin. here at F.S.P. to circumscribe physical assault cases by staff not address the merit of the issues which is totally unacceptable!

But as a inmate who refuses to accept the fact that said officers physically attacked me while handcuffed with the sole intent to do bodily harm im genna exhaust all my admin. remedies! Note; my right eye was swole shut, both lips were busted and the right side of my face was swolen to a abnormal size.

So, if this admin. or the grievance inspector in your office doesn't take the necessary steps to stop this type of behavior by firing the perpetrators, im filing suit!

The bottom line is that the admin. is responsible! When you consider the fact that Sgt. J. Young was on probation prior to this incident for not only numerous complaints by cm III inmates but the excessive number of physical altercations he's had with cm III inmates in particular. Yet this admin. allowed him to remain in the cm III area and continue this type of behavior without intervention.

Note: Sgt. Young has physically attacked at least 5 inmates in the last 6 months under the guise that the inmate attempted to assault him? But all incidents concluded with only the inmate enduring physical injuries??

Conclusion: I stand firm on the merit of my issues and im requesting that you remand this Formal Grievance of "Unecessary Use of force" back to F.S.P. grievance coordinator and demand that they refute my allegations.

Remedy Sought: I reiterate my request that all arguments, statements, and specific video footage that i requested in my Formal Grievance be acknowledged, reviewed and responded on at the Inst. level or that F.S.P. acknowledge that Sgt. J. Young, C.O. R.d. Smith and C.O.S. Holden used "Unecessary Use of force" with the sole intent to cause physical bodily harm on me.

6-29-08    **SEE ATTACHED**   Robert Walton 098207
DATE     **RESPONSE**    SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:   0   / _____
        #     Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below)

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

10b (205)

Submitted by the inmate on 7-1-08   Institutional Mailing Log # 2050507-0108   Sgt Young, CO Smith, CO Holden
(Date)                                 (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY     CENTRAL OFFICE
                 INMATE (2 Copies)          INMATE
                 INMATE'S FILE           INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                      CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

FILED IN OFFICE
WITH AGENCY CLERK

JUL 1 4 2008

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| WALTON, ROBERT | 098207 | 08-6-19126 | FLORIDA STATE PRISON | G1108S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated. The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General (08-2-4743). A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

C. NEEL

_C. Neel_          07/10/08

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

**COPY DISTRIBUTION -INSTITUTION / FACILITY**

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

**COPY DISTRIBUTION - CENTRAL OFFICE**

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

DEPARTMENT OF CORRECTIONS

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From: Walton, Robert L.          098207          Florida State Prison

Last      First      Middle Initial          Number          Institution

08-6-23344

(Formal Complaint)          Part A – Inmate Grievance          (33-103.001(3)(C))

This appeal is deemed proper and timely submitted pursuant to F.A.C. rules 33-103.006(3)(13) incorporated with F.A.C. rules 33-103.011(1)(13)(2).

In accordance with 33-103.001(3)(C); inmates can file complaints regarding the following matters; reprisals against inmates for filing a complaint or appeal under the inmate grievance procedure.

I went through all the proper procedures at the Institutional level but in thier response in grievance log # 0806-205-391 they stated; the subject of my complaint is still be reviewed by the investigation section of the office of the Inspector General?

I stand firm on the merits of all the allegations i made in my Formal complaint and i ask that you remand this back to this Institution and demand that they acknowledge, review and evaluate the specific evidence i requested.

Remedy Sought: that said officers be suspended without pay until the investigation is complete and that all disciplinary action that initiated from this incident be dismissed. Plus, that i be protected from said officers.

AUG 13 2008

## PART B - RESPONSE

| WALTON, ROBERT | 098207 | 08-6-23344 | FLORIDA STATE PRISON | B1102S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated.  The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General (08-7-4243).  A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

Furthermore, you are advised that it is not within an inmate's scope of responsibility or authority to recommend disciplinary action regarding staff.  Your complaint was addressed and responded to, any further action will be at the discretion of the administrative staff.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

C. NEEL

_____          C. Neel          02/15/08
SIGNATURE AND TYPED OR PRINTED NAME        SIGNATURE OF WARDEN, ASST. WARDEN, OR         DATE
OF EMPLOYEE RESPONDING                     SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY          COPY DISTRIBUTION - CENTRAL OFFICE

(2 Copies) Inmate                                  (1 Copy) Inmate

(1 Copy) Inmate's File                             (1 Copy) Inmate's File - Inst./Facility

(1 Copy) Retained by Official Responding           (1 Copy) C.O. Inmate File

                                                   (1 Copy) Retained by Official Responding

DEPARTMENT OF CORRECTIONS

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden      ☐ Assistant Warden      ☑ Secretary, Florida Department of Corrections

From: Walton, Robert L.          098207          Florida State Prison

Last    First    Middle Initial          Number          Institution

05-6-20582

( Formal Complaint )          Part A – Inmate Grievance          ( 33-103.001(3)(C) )

This appeal is deemed proper and timely submitted pursuant to F.A.C. rules 33-103.006(3)(b) incorporated with F.A.C. rules 33-103.011(1)(b)(2).

In accordance with 33-103.001(3)(C); inmates can file complaints regarding the following matters; reprisals against inmates for filing a complaint or appeal under the inmate grievance procedure.

I went through all the proper procedures at the Institutional level but in thier response in grievance log # 0806-203-391 they stated; The subject of my complaint is still being reviewed by the investigation section of the office of the Inspector General?

I stand firm on the merits of all the allegations i made in my Formal Complaint and i request that you remand this back to this administration and demand that they acknowledge, review, and evaluate the specific evidence i requested.

Remedy Sosgt; that said officers be suspended without pay until investigation is complete and that all disciplinary action initiated from this incident be dismissed. Plus, that i be protected from said officers.

MAILED / FILED
WITH AGENCY CLERK

JUL 28 2008

Department of Counties
Bureau of Legal Counsel

**PART B - RESPONSE**

| WALTON, ROBERT | 098207 | 08-6-20582 | FLORIDA STATE PRISON | G1108S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as required by rule, or the reason you provided for by-passing that level of the grievance procedure is not acceptable.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner), to re-file your appeal to this office. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

C. NEEL

| | C. Neel | 07/21/08 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

( Exh. O )

FLORIDA DEPARTMENT OF CORRECTIONS
**EMERGENCY ROOM RECORD**

Check one:   ☑ Inmate/Post-Use-of-Force Exam
☐ Employee:  ☒ Post-Use-of-Force Exam  OR  ☐ Injury  OR  ☐ Physical Altercation
☐ Visitor/Injury

All inmates must receive a complete assessment following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstance. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA must review this form and sign it on the next working day.

Time of occurrence: _1705_   Time of exam: _1715_

Description of occurrence:

Use of force on wing.

Inmate showered without soap (if post-use of chemical agent)?  ☐ Yes  ☐ Refused  ☒ N/A

Vital Signs:  Temperature _978_   Pulse _116_   Respiration _20_   Blood Pressure _142 , 88_

Arrived via: ☒ Ambulatory  ☐ Stretcher  ☐ Wheelchair  ☐ Other: ___

Condition on arrival (check all that apply): ☒ Alert  ☒ Oriented x 4 (person, place, time, situation)  ☒ Responding to questions verbally
☐ Other (requires description in assessment summary)
☐ C/O pain?  If checked, where? ___

Assessment summary:

A/O x4. Resp even/unlabored. 1/2cm abrasion to (L) nare, minor lacerations noted under (R) eye, approx 1cm. Edema noted to upper lip. Edema noted to (R) eye. Pupils reactive + brisk. Sclera (R) eye reddened.

Physician notified?  ☒ No  ☐ Yes   Name: ___   Time: ___

Treatment provided?  ☐ No  ☒ Yes   If yes, describe: attempted assessment - IM refused Tx.

Response to Treatment: Compliant

Disposition:  ☐ Population  ☐ Confinement  ☐ Infirmary  ☐ Hospital  ☐ Rescue  ☒ Other (explain):
F-wing

Discharge Instructions and Education:
F/u c S/C pRN, MH Referral submitted

Health Care Provider's Signature and Stamp: _____   Date/Time: _1810  3/24/08_

Reviewing Physician's Signature and Stamp: ___   Date/Time: **MAY 2 8 2008** (09:37)

J. MALAVER, M.D.
SR. PHYSICIAN-FSP

Name _Walton Robert_
DC# _098207_   Race/Sex _B/M_
Date of Birth ___
Institution _FSP_

Inmate Distribution:   White—Health Record
Canary—Inspector General
Pink—Local Requirements

Employee Distribution:   White—Personnel File
Canary—Employee Copy
Pink—DESTROY

DC4-701C (Revised 10/07)

This form is not to be amended, revised, or altered without approval of the Office of Health Services-Administration

*Exh. P.*

## FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF HEALTH SERVICES
## DIAGRAM OF INJURY



Date of occurrence _5·24·08_     Time of occurrence _1705_
Date injury assessed by medical _5·24·08_     Time injury assessed by medical _1715_

☐ No injury identified

Description of injury #1 ½cm abrasion Ⓛ nare, #2, 1cm minor laceration under Ⓡ eye. Edema noted to upper lip, notably, to Ⓡ side upper lip.

Staff Signature _Archer Sopn_

Inmate Name _Walton Robert_
DC# _096207_     Race/Sex _Bm_
Date of Birth _____
Institution _FSP_

J. MALAVER, M.D.
SR. PHYSICIAN-FSP

MAY 2 8 2008

MAY 2 8 2008
(09:57)

This form is not to be amended, revised, or altered without
approval by the Office of Health Services- Administration

DC4-708 (Revised 10/07)

Incorporated by Reference in Rule 33-602.210, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIC     ( Exh. Q )
REFUSAL OF HEALTH CARE SERVICES

This is to certify that I am refusing the following:

☒ Medical services___nsg   assessment_____
☐ Mental Health Services_____
☐ Dental Services_____
☐ Medication_____
☐ Lab/Diagnostic testing_____
☐ Other_____

I understand this refusal is against the advice of my health care providers. I acknowledge that I have been informed of the risks, consequences, and the danger to my health and possibly to my life that may result from my refusal of this procedure/treatment.

I have been given time to ask questions about my condition and about my decision to refuse the procedure/treatment that my health care provider has explained to me is medically indicated and necessary.

I voluntarily assume the risks and accept the consequences of my refusal of the procedure/treatment and I am releasing the Department of Corrections, all health care providers, the facility, and facility staff from any and all liability for ill effects that may result from my refusal of treatment.

_refused  to  sign_____     _5-24-08_   _1725_
Signature of Patient·                Date/Time

Two Witnesses:   I, _S Laurent SRN___ am a health care staff member and I have witnessed the
patient voluntarily sign this form/refuse to sign the form.                    SRN
_S Laurent_____     _____
Signature                                Title of Witness

I, _____ am a staff member who is not the patient's health care
provider for this procedure and I have witnessed the patient voluntarily sign this form/refuse to sign the form.
_____          _LT_____
Signature                                Title of Witness

I, the below-signed physician, am aware that this patient refused treatment and has signed this form/ refused to sign the form.

_____          _____
Signature of Clinician                   Date/Stamp

Interpreter/translator : To the best of my knowledge, the patient understood what was interpreted/translated and voluntarily signed this form/refused to sign the form.

_____          _____
Signature of Interpreter/Translator      Title of Witness

*If the patient refuses to sign this document, but has verbally refused the above procedure, write REFUSES TO SIGN above Signature of Patient.

Inmate Name _Walton, Robert_
DC# _0 98257_   Race/Sex _B/M_
Date of Birth_____
Institution_____FSP_____

This form is not to be amended, revised, or altered
without approval of the Deputy Director
of Health Services Administration.

DC4-711A (Revised 10/07) (Page 1 of 2)

Incorporated by Reference in Rule 33-602.210, F.A.C.

(*Exh. R*)

```
                    FLORIDA DEPARTMENT OF CORRECTIONS          05/27/2008
  ISSO150 (01)           CHARGING DISCIPLINARY REPORT                           PAGE:      1
                            LOG # 205-081203
--------------------------------------------------------------------
  DC#: 098207   INMATE NAME: WALTON, ROBERT L.            INFRACTION
  VIOLATION CODE:  0061   TITLE: DISOBEYING ORDER         DATE: 05/24/08
  FACILITY CODE:  205     NAME:  FLORIDA STATE PRISON     TIME: 17:04
--------------------------------------------------------------------
```

I.   STATEMENT OF FACTS

    INMATE WALTON IS BEING CHARGED WITH 6-1, DISOBEYING A VERBAL
    ORDER, RULE OF PROHIBITED CONDUCT 33-601.314 FAC.  AT
    APPROXIMATELY 5:04PM ON MAY 24, 2008, WHILE ASSIGNED AS
    I-WING HOUSING OFFICER, I ORDERED INMATE WALTON, ROBERT,
    B/M, DC #098207, HOUSED IN I-2301S TO RETURN TO HIS ASSIGNED
    CELL FROM THE SECOND FLOOR DAYROOM TO WHICH INMATE WALTON
    BECAME BELIGERANT STATING, "WHY YOU ALWAYS FUCKING WITH ME,
    NOT LETTING ME GO TO WORK."  I THEN ORDERED INMATE WALTON TO
    SUBMIT TO HANDCUFF PROCEDURES TO WHICH HE REFUSED TO COMPLY
    STATING "FUCK THAT."  PHYSICAL FORCE WAS USED ON INMATE
    WALTON TO GAIN COMPLIANCE WITH ORDERS.  THE SHIFT OIC WAS
    NOTIFIED AND ADVISED THIS REPORT.  OFFICER R. D. SMITH WAS
    PRESENT AT THE TIME OF THE INCIDENT AND HIS WITNESS
    STATEMENT IS ATTACHED.

  REPORT WRITTEN: 05/24/08, AT 23:00   OFFICER: YOUNJ - YOUNG,JASON
--------------------------------------------------------------------

II.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: *5/28/08* AT *9:55p*

    NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
    EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
    NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
    33-601, FLORIDA ADMINISTRATIVE CODE.

        DELIVERED BY : *J.T. - M.Hall*
--------------------------------------------------------------------

NOTICE TO INMATE:

AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:
--------------------------------------------------------------------

INVESTIGATION:

AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
--------------------------------------------------------------------

```
                    FLORIDA DEPARTMENT OF CORRECTIONS        05/27/2008
  ISS0150 (01)         CHARGING DISCIPLINARY REPORT                          PAGE:      2
                         LOG # 205-081203
------------------------------------------------------------------------
DC#: 098207   INMATE NAME: WALTON, ROBERT L.            INFRACTION
VIOLATION CODE:  0061   TITLE: DISOBEYING ORDER         DATE: 05/24/08
FACILITY CODE:  205     NAME:  FLORIDA STATE PRISON     TIME: 17:04
------------------------------------------------------------------------
```

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

---

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.

---

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

**Disciplinary Hearing Worksheet**

State of Florida                    Log #_____                    Department of Corrections

DC#_____ Inmate Name _____

Violation Code and Short Title _____

Facility _____                    Date Report Written _____

Designated:    Team ☑ Hearing Officer ☐    Telephonic Hearing: Yes ☐ No ☑

**I.**   Date of Hearing_____                    Time of Hearing _____ AM/PM

Inmate Present: Yes ☒ No ☐ ; If no, Explain in Section V   Basis for Decision

Staff Assistance Offered: Declined ☒  Accepted ☐  Appointed ☐  Provided ☐ YES ☒ NO

Charge Read: Understanding Indicated; Procedures/Penalties Explained: Yes ☒ No ☐

**II.**   Inmate Plea:    Guilty ☐   Not Guilty ☒   Refused to Plea ☐   No Contest ☐

**III.**   Witnesses: Statement(s) Read  Yes ☒ No ☐ ; if No, Explain _____

Additional Witnesses Requested:  Yes ☐ No ☒

Requested Witnesses Called: Yes ☐ No ☐ ; If No, Explain _____

Additional Evidence Requested:  Yes ☐ No ☒

Requested Evidence Presented: Yes ☐ No ☐ ; If No, Explain _____

**IV.**   Findings: Dismissal ☐         Not Guilty ☐         Guilty ☑

**V.**   Basis for Decision: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**VI.**   Action:
☐ Loss of Gain Time _____ days
☑ DC not to exceed ___30___ days
☐ DC part time _____ days
☐ Suspension - Mail/Visitation/Telephone Privileges _____ days
☐ Suspension - Other Privileges _____
☐ Extra Duty during Leisure Hours _____
_____

☐ Disciplinary Squad _____ days
☐ Individual Review and Counseling _____
☐ Confiscate Contraband _____

☐ Payment - Damages/Destroyed/Misappropriated Property $_____
☐ Loss of Unearned Gain Time _____ days; Justification _____
_____

☐ Probation for _____ days; Specific portion of above penalties:
_____
_____
_____

☐ Concurrent                    ☑ Consecutive

Comments _____
_____
_____
_____

INMATE PROVIDED COPY OF WORKSHEET AND WAS ADVISED OF RIGHT TO APPEAL:   ☒ YES ☐ NO

_____        _____        _____
Team Member                    Team Member                    Chairman/Hearing Officer

DC6-112E (Revised 3-05)      Original: Inmate File      Pink: Central Office      Canary: Inmate

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(Exh. I)

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: [✓] Warden      [ ] Assistant Warden      [ ] Secretary, Florida Department of Corrections

From: __Walton, Robert L.__   __098207__   __Florida State Prison__
         Last    First    Middle Initial    Number    Institution

(DR APPEAL)          Part A – Inmate Grievance    (LOG# 205-081203)

This appeal is deemed proper and timely submitted pursuant to F.A.C. rules 33-103.006(3)(13) incorporated with F.A.C. rules 33-103.011(1)(b)(1)(2).

My main objective is to refute the false allegations im being accused of while at the same time uncover the "conspiracy" of a premeditated attack on me by Sgt. Young, C.C. Smith and C.O. Holten! On 5-33-08 when Sgt. Young came back from vacation and found out that i had filed a grievance concerning not being supplied toe-nail clippers on I-wing he confronted me. Note:(I have copies of grievances)
As a result, the conversation with him concluded with him stating, "Thats alright the next time you come out your cell i got something for you!" The next day on 5-24-08 was when all this occured? In dr log# 205-081203 i specifically requested that all "material facts" that warranted the initiation of this dr be presented at the disciplinary hearing which wasn't presented.

1) Interviewing The Charging staff member; in accordance with Ch. 33-601.305(1) In the instant case, the investigating officer was required (but failed) to interview the charging staff member I.E. (Sgt. Young) Also to record the results of said investigation ... including any reports or statements of the charging staff member in the disciplinary investigative report which was not offered into the statement of facts! Plus he didn't record the reason for his failure to do so, as required by rule 33-601.305(4) and (5) F.A.C.

In the statement of facts Sgt. Young stated that he ordered me to return to my cell which is a lie to try and cover up the fact that they planned to jump me in the tv room where thier is no cameras! But if that was the case here, the most relevant "question of all, why did he order me back to my cell? If i had violated a rule, why wasn't it mentioned or why wasn't it included in the statement of facts of this dr?? (Thats because he's lieing) Also, i requested the I-wing security video because i know that when Sgt. Young put the cuffs on me which i did with no hassle, i was right by the door of the tv room and the security camera facing that way got that on video. This is all relevant "material facts" that i requested specifically be presented at dr hearing but was denied. I immediately asked for a postponement pursuant to 33-601.307(2)(F) But the Team Chairman denied my request!

__6-9-08__          See Continuation          __Robert L. Walton 098207__
DATE                 on attachments          SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: __O__ , __Robert Walton__
                                                                              #              Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on _____    Institutional Mailing Log # _____    _____
                          (Date)                                              (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY          CENTRAL OFFICE
               INMATE (2 Copies)             INMATE
               INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
               INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

Legit
205-08120.

Pg.6.

yet he failed to record his reasons for denial in the witness disposition form DC6-112B in violation of my procedural and substantive Due Process protection set forth in Ch.33-601.30 et. Seq. and Wolf, Supra.... Also, had the investigating officer not conducted a "sham" investigation and interviewed the charging staff member as required he would have discovered "material facts" relevant to my defense. Thus, as a result to such failure I was denied my procedural and substantive Due Process protections set forth in Ch. 33-601.305 (1) and Wolf, Supra.

(2) The insufficiency of the evidence: supporting the team's basis for decision; pursuant to rule 33-601.308(5) F.A.C. the team is required (but failed) to enumerate in their basis for decision the specific facts deemed from the disciplinary report, the disciplinary investigative report, or the witness statements and what specific evidence was used in the team's conclusion. First, reliance on the officer's statement alone is insufficient under Supreme Court law in context of prison disciplinary actions and hearings, Wolf, Supra, and Superintendent, Mass. Corr. Inst. V. Hill, 472 US 445, 105 S CT. 2768 (1985) Admin. Due Process is required in all disciplinary proceedings. F.A.C. Ch. 33-601.308(6)

Secondly, the team had and was clothed with ample authority to have exercised a host of options to ensure some form of evidence be presented. Especially after I questioned the dr team as to why Sgt. Young "allegedly" ordered me to go back to my room and they couldn't answer the question? This was the main reason why I specifically requested that all "material facts" it warranted the initiation of this dr be presented at the dr hearing. The because I knew if said officers trying to cover their butt, they would forget something. There's no doubt in my mind that the Lt. and the Captain who was working either on 5-24-08 are aware that Sgt. Young is going around and viciously attacking inmates while they're handcuffed because in like the 5th person in the last 4 months he's attacked. But believe me, it's all gonna be revealed before long and Sgt. Young aint gonna be the only one get fired. (Mark my words)

conclusion- wherefore based on the foregoing facts, arguments, and authorities grievant submits his Due Process and procedural as well was violated by the investigator and the disciplinary teams failure to perform their ministerial duties of which grievant has a right as described above.

Remedy requested- That the dr be thrown out and that all my gaintime be restored. Also that I be protected by Security because im afraid for my life.

Robert Wells
048207

( Exh. U )

**PART B - RESPONSE**

| WALTON, ROBERT | 098207 | 0806-205-258 | FLORIDA STATE PRISON | G1108S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been received, reviewed and evaluated. You received a disciplinary report on 5/24/08, 6-1, 205-081203. Section I supports a clear understanding of the charge against you. A review of the report indicates that Sgt. Young was interviewed by the DR Investigator. All evidence was presented at the hearing which included the video tape review, witness statements.    . The Team did not simply state that you were found guilty, "Based on the officer's statement." The Team went on to cite the specific details as reflected by the eye-witnessing reporting officer.  This is in compliance with Departmental Rule 33-601, Inmate Discipline. The Team did not simply state that you were found guilty, "Based on the officer's statement." The Team went on to cite the specific details as reflected by the eye-witnessing reporting officer.  This is in compliance with Departmental Rule 33-601, Inmate Discipline. The use of force was reported, and approved. Your allegations of excessive use of force by Sgt. Young have been reported to the Office of the Inspector General. Based on the foregoing information, your grievance is denied. You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals. D. Worthington

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE 6/25/08 |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

MAILED

JUN 3 0 2008

FOR GRIEVANCE OFF.

(Exh. V)

DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: __Walton, Robert L__     __098207__    __Florida State Prison__
     Last   First   Middle Initial      Number      Institution

(DR APPEAL)     (LOG# 205-181204)

Part A – Inmate Grievance

This appeal is deemed proper and timely submitted pursuant F.A.C. rules 33-103.ccc(3)(13) incorporated with F.A.C. rules 33-103.011(1)(13)(2)

My main objective is to refute the false allegations im being accused of while at the same time uncover the "conspiracy" of a premeditated attack on me by Sgt. Young, C.C. Smith, and C.C. Holden!

In accordance with 33-601.305(2)(b) i specifically requested the I-wing security video be reviewed but was denied? According to the Basis of Decision on the Hearing Worksheet it wasn't reviewed because there's no camera in the tv room. But even though the incident started in the tv room, it wasn't contained to the tv room! As a matter of fact, 75% of the incident occurred on the I-wing quarterdeck between 4:50 pm and 5:10 pm on 5-24-08 which is why im reiterating my request that the I-wing camera on the Northside of the quarterdeck facing the quarterdeck, hallway, and the front of the tv room be reviewed?! That's when you'll see i voluntarily handcuffed and when i came running out of the tv room seeking help from the assault, i was cuffed up with Sgt. Young with both his hands locked around my right arm. When i seen the other officer C.C. Holden was gonna assist in the attack, i went down in a submissive posture to no avail.

Note: up until this point, i hadn't sustained any facial injuries! But while im down in a submissive posture Sgt. Young viciously beat my face to a pulp and if this camera, can't see that, then you're apart of the conspiracy as well.

Note: Like i said my main objective is to refute these false allegations and to show that said officers conspired to attack me! Now, Sgt. Young stated i refusal to go back to my cell and that i refused to cuff up? He's also implied that this was "spontaneous use of force" which i beg the differ and here's why ... if you'll review the cameras in I-wing on 5-24-08 between 4:30 pm and 4:50 pm after he sent everybody to work but me, i sat in the tv room at least 15 min.! Taking into consideration that Sgt. Young is on probation because he's been involved in several "use of force" incidents in the last 6 months. If he had wanted to avoid physical altercation he would have called his shift supervisor and apprised him of the situation which he obviously didn't? That's because him and his co workers planned all along to get me in the tv room where there's no cameras and attack me! Why did it occur in that room?

__6-13-08__     See Continuation    __Robert Walton 098207__
DATE      on attachments      SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: __0__ / __Robert Walton__
                                                             #      Signature

205-08/04

Jer 1-15   5-24-08    6-4-08

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

OSOC 205-312     Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: __6-08-08__    Institutional Mailing Log #: _____
                (Date)                                                        (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)            INMATE
                 INMATE'S FILE                INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE       CENTRAL OFFICE INMATE FILE
                                                 CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

1) The insufficiency of the evidence: supporting the team's basis for decision pursuant to rule 33-601.308(u) F.A.C. The team is required (but failed) to enumerate in their basis for decision" The specific facts deemed from the disciplinary investigative report or the witness statements and what specific evidence was used in the team's conclusion."

First: reliance on the officer's statement alone is insufficient under Supreme Court law in the context of prison disciplinary actions and hearings, Wolff, Supra and Superintende Mass. Correctional Inst. V. Hill, 472 U.S. 445, 105 S. Ct. 2768 (1985) Administrative Due Process is required in all disciplinary proceedings F.A.C. Ch.33-601.308(6)

Second: The team chairman had and was clothed with ample authority to have exercised a # of options to ensure some form of evidence be presented.

Note: In the statement of facts Sgt. Young states that I ran toward him striking him with my shoulder while grabbing him around the upper area "( I vehemently deny that ) and I contend that when Sgt. Young came back to the tv room and ordered me to cuff up, I complied which is when him and C.C. Smith attacked me! Obviously, there is a dispute as to whether I refused to be cuffed and attempted to assault officers or I complied with the order to be cuffed and was the attacked by said officers? So, the most relevant material fact "in this whole incident is exactly when did they cuff me and why wasn't that included in the statement of facts??

When I brought this to the attention of the d/r hearing team and they couldn't answer this question, I immediately requested a postponement in accordance with 33-601.307(2)(A) and F However, all these options were ignored, rejected or otherwise

2) Interviewing charging staff member; In the instant case, the investigating officer was require (but failed) to interview the charging staff member (I.E. Sgt. Young) Also, to record the results of said investigation... including any reports or statements of the charging staff member in the disciplinary investigative report which was not offered into the statement of facts. Plus, he didn't record the reasons for his failure to do so, as required by rule 33-601.305(1) and (5) F.A.C. Arguably, had the investigating officer not conducted a "sham" investigation and interviewed the charging staff member as required, he would have discovered "material facts" that would have assisted me in my defense. As a result, of such failure grievants procedural and Due Process rights were violated

Remedy Sought: that the d/r be overturned and removed from my file and all my gain time be restored. Plus, that I be placed in protective custody where said officers are not allowed near me because I'm afraid for my life.

Reg. H Walton
109332 ?

**PART B - RESPONSE**

| WALTON, ROBERT | 098207 | 0806-205-312 | FLORIDA STATE PRISON | G1108S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been received, reviewed, and evaluated. You have not provided evidence to substantiate your allegation that the Reporting Officer furnished false information in his/her statement of facts. Furthermore, it is the responsibility of the Disciplinary Team to consider the facts, review the statements/evidence, and determine the credibility of witnesses. In this case, the Team accepted the Officer's statement as the most credible. The Team did not simply state that you were found guilty, "Based on the officer's statement." The Team went on to cite the specific details as reflected by the eye-witnessing reporting officer. This is in compliance with Departmental Rule 33-601, Inmate Discipline. The video was not reviewed as there is no camera in the area where the incident took place. The fact that you allowed them to handcuff you outside of the dayroom is irrelevant to the infraction. The shift supervisor was notified and authorized the report. Sgt. Young was interviewed during the investigation and the investigative report was completed as required. You have not presented sufficient evidence or information to warrant overturning the disciplinary report. Your allegations of staff abuse were previously reported to the office of the Inspector General for appropriate review and disposition. If the allegations are substantiated, appropriate action will be administered by the Office of the Inspector General.

Based on the foregoing, your request for administrative remedy is denied.

You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

C. Brown

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

MAILED

JUN 3 0 2008

FSP GRIEVANCE OFF.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION


ROBERT L. WALTON # 098207
   PLAINTIFF,


   V                                    CASE NO: _____

                                          TO BE SUPPLIED
Sgt. JASON YOUNG                          BY CLERKS OFFICE
OFFICER RICHARD D. SMITH
OFFICER STEVEN HOLDEN
   DEFENDANTS,
ALL SUED IN THIER INDIVIDUAL CAPACITY
WHILE WORKING UNDER THE COLOR OF THE LAW


## PRELIMINARY STATEMENTS

This is a Civil Rights action, filed by Robert L. WAlton prose, a state prisoner currently incarcerated at Florida State Prison, sueing for damages and injuctive relief under 42 U.S.C. 1983, alleging "unecessary use of force" and retaliatory action for exercising the right of free speech, in violation of the 1st and 8th amendment which forbids cruel and unusual punishment not applied in good faith to maintain and restore discipline, but instead is used to maliciously & sadistically cause harm, unwarranted, unjustifiably and unprovoked with deliberate indifference. The Plaintiff also alleges the Tort of Assault & Battery.

   This incident occured on 5-24-08 at Florida State Prison, 7819 N.W. 228th Street, Raiford, Florida 32026 where Plaintiff was incarcerated.


#1

JURISDICTION

1) This Court has jurisdiction over this action under 28 U.S.C. (1331)(A) and (1343)(A)(3), the matters in controversy arise under 42 U.S.C. 1983

2) The Court has supplemental jurisdiction over Plaintiff's state law Tort claims under 28 U.S.C. (1367)

3) Venue properly lies in this district pursuant to 28 U.S.C. (1391)(B)(2) cause of action occured at Florida State Prison 7819 N.W. 228th Street Raiford, Florida 32026, located in the Middle District of Florida. Jacksonville Division

PARTIES

4) Plaintiff- Robert L. Walton, is always and at all times relevant hereto, a prisoner of the Florida Department of Corrections. At the time of this incident, Robert L. Walton was incarcerated at Florida State Prison 7819 N.W. 228th Street Raiford, Florida 32026

5) Defendant - Sgt. J. YOUNG, is currently working for the Department of Corrections Florida State Prison 7819 N.W. 228th Street, Raiford, Florida 32026, who at all times is relevant hereto, was assigned as I-wing dorm Sgt.

6) Defendant - OFFICER R.d. SMITH, is currently working the Department of Corrections at Florida State Prison 7819 N.W. 228th Street, Raiford Florida 32026, who at all times is relevant hereto, was assigned as a I-wing dorm officer

7) Defendant - OFFICER S. HOLDEN, is currently working for the Department of Corrections at Florida State Prison 7819 N.W. 228th Street, Raiford, Florida 32026, who at all times is relevant hereto, was assigned as a I-wing dorm officer

#2

## CAUSE OF ACTION

The cause of proxima of the instant complaint, stemming from the Judiciary Agency of the defendants as employee's of the Florida Department of Corrections, employed at Florida State Prison, Raiford, Florida. As such the Defendants are strictly liable for any and all malfeasance conduct promulgated in Florida Statutes Ch. 20.315; Ch. 944.09 Fla. Statute 2006 and F.A.C. rules, Ch. 33-602.210, because Defendants violations of the above statutes are equivalent to negligence per se, as such, the Defendants acts and or omissions in relation to the above statutes violated Plaintiff's Rights as a "Protected Class of Person." Additionally, its a clear violation of State Laws claim of Assault of Battery - 768.28(9)(A).

Therefore, the harm the above statutes were promulgated to prevent is directly imputed to the Defendants for monetary damages and the Plaintiff was victimized by the Defendants, causing Plaintiff to suffer unnecessarily the kind of injuries the statutes were promulgated to prevent, either mentally or physically. The Defendants failed to obey the laws of the U.S. and Florida Constitution statutes and the Florida Department of Corrections rules, policies and directives of rules of conduct while working under the Color of State Law.

The assault with deliberate indifference, malfeasance and improper conduct, committed in bad faith with malicious intent or in a manner exhibiting wanton and willful disregard of human rights and safety, violated the Plaintiffs rights and constituted cruel and unusual punishment and due process violation under the 8th and 14th amendment U.S. Constitution - Article 1 section 9 Fla. Constitution. Also, Article 1 section 17 Fla. Const. The Plaintiff has no other adequate or complete remedy at law to redress the wrong described herein.

# 3.

## EXHAUSTION OF REMEDIES

Plaintiff used the grievance procedure available at Florida State Prison and the Florida Department of Corrections to try and solve these problem to no avail. Also, i filed requests to the Colonel but didn't get a response... Then i filed informal grievances and several Formal grievances to the Warden Mr. Bryant addressed as "Excessive Use of force" and a Reprisal for filing grievances complaint, to no avail. (See Exh. A thru. N)

Plaintiff then proceeded to file a formal grievance to the Central Office of the Florida Department of Corrections, addressed as "Excessive Use of Force" and a complaint for Reprisal for filing a grievance... but all i got was a non-response, saying the matter is currently being reviewed by the investigative section of the office of the Inspector General (08-2-4743) (See Exh. A thru N) This non-response, is totally unacceptable to me and since my grievances were denied, my only recourse is to seek justice through legal action.

Plaintiff also submitted a Notice of Intent with the Department of Insurance Risk Management since i plan on filing Assault & Battery charges against said officers

#4.

## V   PARTIES

NAME OF PLAINTIFF:                    ROBERT L. WALTON #048207
MAILING ADDRESS -                    FLORIDA STATE PRISON
                                     7819 N.W. 228th Street
                                     Raiford, Florida 32026


DEFENDANT:                    Sgt. J. YOUNG                 POSITION
MAILING ADDRESS-              Florida State Prison          Corr. Off. Sgt.
                             7819 N.W. 228th Street
                             Raiford, Florida 32026


DEFENDANT:                    OFFICER R.d. SMITH            POSITION
MAILING ADDRESS-              Florida State Prison          Corr. Off.
                             7819 N.W. 228th Street
                             Raiford, Florida 32026


DEFENDANT:                    OFFICER S. HOLDEN             POSITION
MAILING ADDRESS-              Florida State Prison          Corr. Off.
                             7819 N.W. 228th Street
                             Raiford, Florida 32026


ALL DEFENDANTS WERE EMPLOYED AT FLORIDA STATE PRISON
AT THE TIME OF THE INCIDENT WHICH OCCURED ON 5-24-08

# 5

## VI

The action of Defendant <u>Sgt. J. YOUNG</u> - in using premeditated excessive force without provocation or sufficient cause, inflicting unecessary and wanton pain, intently, in a sadistic and malicious manner, in violation of Plaintiff's 8th and 14th amendment rights under U.S. Constitution· breach of duty to protect - failure to administer proper medical attention with deliberate indifference and Plaintiff alleges the Tort of Assault & Battery with negligence. Also, retaliatory treatment for filing a grievance.
   sued in his official individual capacity

The action of Defendant <u>OFFICER R.d. SMITH</u> - in using premeditated excessive force with provocation or sufficient cause, inflicting unecessary and wanton pain, intently, in a sadistic and malicious manner, in violation of Plaintiff's 8th and 14th amendment rights under U.S. Constitution - breach of duty to protect - failure to administer proper medical attention with deliberate indifference and the Plaintiff alleges the Tort of Assault & Battery with negligence. Also, retaliatory treatment for filing a grievance.
   sued in his individual official capacity.

The action of Defendant <u>OFFICER S. HOLDEN</u> - in using premeditated excessive force without provocation or sufficient cause, inflicting unecessary and wanton pain, intently, in a sadistic and malicious manner, in violation of Plaintiff's 8th and 14th amendment rights under U.S. Constitution - breach of duty to protect - failure to administer proper medical attention with deliberate indifference and the Plaintiff alleges the Tort of Assault & Battery with negligence. Also, retaliatory treatment for filing a grievance.
   sued in his individual official capacity.

#6

## VII

The actions of the <u>Defendants</u> – <u>Sgt. Young</u>, <u>Officer R.d. Smith</u> and <u>officer Holden</u> while acting under the color of the Laws of Florida and The Florida Department of Corrections rules, policies, procedures and directives, in thier individual capacity as agents or employee's of F.D.O.C., either actively participated in the unconstitutional acts, actions, and conduct encouraged, condoned or to fail to appropriately act and investigate and protect from reprisal for using the grievance procedure with breach of duty to ensure Plaintiffs health & safety with deliberate indifference and all Defendants being liable either personally participated, had Knowledge of wrongfully intended conduct, in violation of Constitutional Rights, Laws of Fla. Statute or F.A.C. 20.315 FS 944.09 and F.A.C. 33-602.210 - 33-208.001 -002-76828(9)

IN PLAINTIFF'S CLAIM FOR RELIEF, ALL DEFENDANTS HAVE VIOLATED HIS 1ST, 8th and 14th AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION

# 7.

VIII | FACTS

In April of 2008; on several occasions i asked the 4pm to 12pm shift officers working in I-wing about using the toe nail clippers and they kept telling me, "We got ya." I then asked the inmate barber, "Why he didn't have any toe nail clippers in his box and he said the officers told him when we ask for the toe nail clippers, "to tell us if we need toe nail clippers, we need to go to medical?

So, on 5-7-08 - i wrote a request to medical (see exh:A) and they acknowledged that if i went through them, it indeed would be a $4:00 service charge for use of the toe nail clippers but stated that it was security's job to provide us with the toe nail clippers through the inmate barbers. (see exh. B)

Then on 5-22-08 - i went to medical on a separate issue and Nurse Conklin asked me why i was limping? Then i went on to explain to her my problem and pled with her to let me use the toe nail clippers and she said she couldnt because medical and Security were going through a power struggle about this issue and that it was thier job to provide the toe nail clippers. So, when i got back to I-wing, Warden Bryant was thier and i explained the situation to him that same day!

On 5-23-08 - the shift Sgt. who usually works I-wing on the 4pm to 12pm shift, came back from a week vacation! At approx. 10pm Sgt. Young approached my cell #2301-I wing while conducting showers and started questioning me about, "Why i put the Warden on them? I told him, "I asked you several times about the toe nail clippers and you kept giving me the run around." Sgt. Young then stated, "Thats alright, next time you come out your cell, i got something for you!"

Then on 5-24-08 which was Saturday ... Sgt. Young called the 2300 side to go to work! Once he got everybody who was on the worklist inside the tv room, Sgt. Young called everyone's name for work assignment but mine and left me alone in the tv room without any explanation? The I-wing video camera will show that i sat in the tv room approx. 15 min. after everybody else was sent to work, while they fed I-wing dinner. This will substantiate my claim that this was not a spontaneous incident! What it was, was a premeditated plan to isolate me in the tv room where there's no camera's and physically assault me, then try to cover it up with false allegations. #8.

STATEMENT OF FACTS

## VIIII   FACTS

Sgt. Young had ample opportunity from the time he sent everybody to work assignment which was approx. 4:40 pm to the time he and officer Smith came back to the tv room, to apprise the officer in charge (IE. LT.) of the situation which was approx. 4:50 pm ... Thats if what they allege is true which is that i refused to go back to my cell and refused to be cuffed?

On 5-24-08 the I-wing security video thats on the Northside of quarterdeck will clearly show that at approx. 4:50 pm Sgt. Young and officer Smith come back to the tv room and opened the door which opens to the inside (emphasis added)

So, when Sgt. Young ordered me to cuff up, i complied by stepping right up to the inside of the threshold of the door and once Sgt. Young had me cuffed, he immediately swung on me and while at the same time saying, "Nigga, we gon Kill you!" But as Sgt. Young swung, i ducked and it threw him off balance a lil bit. Thats when i realized thier intentions was no good and i lunged my body between Sgt. Young and officer Smith and got halfway out of the tv room because i knew if i stayed inside the tv room, that my life, health and safety would be in danger, with there being no camera's in thier! Sgt. Young and officer were both still hitting me until they realized i was trying to get out of the tv room and they stopped and tried to pull me back inside but they couldnt. I was able to drag them to the middle of the quarterdeck and the camera will show, i was already cuffed! Note: The I-wing camera will show that once the officers entered the tv room, we were only in thier for approx. 20 sec. before i appear dragging them out handcuffed (emphasis added) Plus, i hadnt sustained any facial injuries up to this point

Once Sgt. Young seen he couldnt stop me from making it to the quarterdeck, he told officer Holden to help them get me on the ground so that the camera cant get a good look! Thats when officer Holden tried to grab me around my neck and i just went down in a prone submissive position. To be honest with you, i thought the worse of it was over because i was cuffed, down in a submissive position and Sgt. Young had total control of me at that point! But for some reason, Sgt Young just lost control ... The camera will show that he started pulling my cuffed hands up forcefully, to intentionally cause me pain and to force me to turn my face towards him and every time i would turn my face his way, he would viciously punch me in the face with his closed fist. The camera will also show that my right eye was swollen totally shut, both lips were bust and my nose was busted- #9

STATEMENT OF FACTS

## X | FACTS

- to where i was bleeding all over the floor. Thats when officer Holden told Sgt. Young, "thats enough" and that he was calling the Lt. So, Sgt. Young finally stopped hitting me! As the camera will show, when the Lt. showed up with Capt. McGregor, Sgt. Duncan and officer Hodges who had the "use of force" camera with two other John Doe officers, i was laying in a pool of blood on the quarterdeck floor while Sgt. Young is over me.

So, they pulled me off the ground and the Lt. asked me, was i alright?" But i was in so much pain that i couldnt talk. Thats when Sgt. Young stated, "he's alright, this one of the one's like to file grievances!"(all the officers laughed) Then the Lt. told them to get me to medical and they started leading me to medical cause i was disoriented to a degree.

Then the whole time im being led to medical, one of the John Doe officers is telling me, "if i say or write anything about this incident some more bad boys would be coming to see me again." Needless to say, i was scared because i had just been a victim of a brutal assault & battery with little or no regards from officers of any kind of retribution. They were laughing and joking with the Lt. like it was a big joke!

Upon my arrival at medical, the nurses Mrs. Laurent and Mrs Archer led me to the examining room and started asking me, "did i have any other injuries besides the one's to my face? But when i started to tell them about my wrist an my stiff right jaw, the John Doe officer told them, "he's alright, just clean the blood off his face and give him a ice pack." I didnt say anything else because i didnt want to be attacked again! Basically the nurses just blew off my "use of force" examination and stated i refused because they were scared of security, just like i was. At least nurse Archer did document part of my injuries of post "use of force" on 5-24-08 (̶░̶░̶░̶░̶)(See Exh. O,P,Q)

Then we i left medical, they took me to B-wing cell# 1318 which is the Special Housing Unit for dc confinement.

On 5-25-08 - the camera will show when the nurse came around with the a.m. meds in B-wing, i stopped her and ask for a sick-call request? Nurse Walters stated, that i didnt need a sick-call slip because she was aware of my situation and i was scheduled to see the dr. on Tues. the 27th ░░░ since Mon. was a holiday!

#10

## XI | FACTS

Then on 5-27-08 - the camera will show that a Jane Doe nurse came to my cell #1318 B-wing at approx. 1:30 pm and asked me "did i want to sign a refusal? I asked her, "what did i refuse?" She then said that the B-wing officer told her i refused my a.m. medical call-out for that morning. Thats was a lie, i never was asked about a medical appointment! I let her know that i didnt refuse but didnt make a big fuss about it cause i was still scared.

On 5-28-08 - my Teacher Mr. Seymore came to my cell #1318 B-wing and asked me what i was doing in B-wing? I explained that i had been assaulted by officers when he suggested that i needed to be seen by medical... But i told him i was trying to lay low because i had been threatened as well and i didn't want to be assaulted again.

In July 2008 - i saw my Physch Dr. Mrs. Trevino and i told her i was very depressed and had started having nightmares about the excessive use of force, used against me on 5-24-08! She said, she didnt know about the incident, so i explained to her what happened and she told me that if what i say is true the said officer's shouldnt be able to get away with this type of behavior. I agreed but told her, i was scared because they had threatened me with repercussions if i filed on this issue. Dr. Trevino then asked me, "did i have thoughts of hurting myself or anybody else at that time? I told her, that i had been having thoughts of suicide at first but that i was starting to realize that this wasn't my fault and it was the officer's, who had the problem. Dr. Trevino asked me did i want to readjust my medication but i told her, not at the moment. Also, she told me, "if i'm still having nightmares to let my Physch Specialist know or if they get too bad, to declare a physch emergency!

On 8-11-08 - i saw my Physch Specialist Mrs. Walker and she asked me, "how i was doing?" I told her, i was very depressed and that i was still having nightmares! note: i informed Mrs. Walker about my nightmares when they first started, through a inmate request form. Plus, i told her about my thoughts of suicide but let her know, i was dealing with those thoughts by deciding to fight back through the administrative grievance procedure. She agreed that my energy would be better served in that capacity than it would, contemplating hurting myself.

#11

## FACTS

On 5-28-08 - I was served 2 dr infractions: 1.) Attempted assault & battery on a correctional officer and 2.) Disobeying an order .... I vehemently deny both allegations! In accordance with 33-601.305 I filled out a form requesting that the I-wing security video camera be reviewed at the time in question which was between approx. 4:40 pm and 5:10 pm on 5-24-08. But the investigating officer Sgt. Handley, denied me my due process right of presenting evidence in my defense when he refused to review the video i requested because he knew it would substantiate my claim of "excessive use of force".

Then on 6-4-08 - when i went to dr hearing for the alleged "att. assault or batt. on corr. officer" and was denied my due process right, to require that the evidence i requested be presented or that i be granted a dr hearing postponement until the evidence be provided in accordance with 33-601.307(2) an(f) however, all these options were ignored, rejected or otherwise

On 6-6-08 - during dr hearing for the "disobeying an order" i was again denied my due process right of presenting evidence in my defense when i realized they didn't present all evidence that warranted the initiation for the writing of this infraction as i requested during the investigation (see plaintiff's dr witness statement form) i again asked that dr hearing be postponed in accordance with 33-601.307(2) an(f) but all these options were ignored, rejected or otherwise.

Then on 6-9-08 - i filed on both infractions respectively to the Warden and his response was unacceptable considering He acknowledge in the att. battery dr appeal response that this incident wasn't fully contained to the tv room but actually spilled out of tv room where the I-wing video could have taped any part of the incident. That should have been presented as evidence to be reviewed an evaluated before i was found guilty!

So on 8-6-08 - i filed to the Central office in Tallahassee but they went along with the administration's decision at F.S.P.

After exhausting all my administrative remedies and being denied, the only avenue available to me, is to seek justice through legal recourse.

#12

1) Declatory judgement, declaring the Defendants acts and/or omissions described therein, violates the Plaintiff's rights as a "protected class of person" under the applicable laws of the state of Florida, as provided for convicted felons.

2) That a permanent injunction be placed against Defendants which;
(A). Prohibits the Department of Corrections <u>or</u> any subdivisions thereof from providing legal service and/or assistance to the Defendants, in this cause of action stemming from malfaesance conduct pursuant to violations of Fla. Statute § 768.28 (9)

3) That the dr infractions be removed from my file and that i be released off cm status an placed back in open population. <u>Note</u>: the dr's in question is the 2 dr's deemed from incident that occured on 5-24-08 at F.S.P.

4) Compensatory damages in the amount of $100,000⁰⁰ from the Defendants to the Plaintiff.

5) Punitive Damages in the amount of $10,000⁰⁰ from each Defendant to the Plaintiff.

6) A jury trial on all issues, triable by a jury.

7) The cost of all filing fees - attorney fees and all cout costs of this suit, be imputed to the Defendants individually.

8) As a direct and proximate result of Defendants actions, the Plaintiff Robert L. Walton #098207, prose - has been injured. The damages sought by Plaintiff include physical, emotional, and mental pain an anguish and any other relief the Honorable Judge deem proper or just.

Respectfully submitted
<u>Robert Walton</u> prose,
date:_____
Robert L. Walton #098207

#13

<u>CERTIFICATE OF SERVICE</u>

I heeby certify that a true and correct of the foregoing 1483 civil Litigation complaint, has been furnished by U.S. Postal Mail Service, in the hands of Security staff member for process on handling to the Clerk of Court U.S. District Court, Middle District of Florida, 300 N. Hogan street, suite 9-150 - Jacksonville, Florida 32202 4271 by U.S. mail on this day _____

Respectfully submitted,
Robert L. Walton #098207
Florida State Prison
7819 N.W. 228th St.
Raiford, FL. 32026

The declare the penalty of perjury that all the statements are true and correct, signed this _____ day of _____ 2008

Respectfully submitted,
Robert L. Walton #098207
Robert Walton, prose

#14